OPINION OF THE COURT
Richard S. Lane, J.
In this commercial nonpayment summary proceeding, petitioner moves to strike the first affirmative defense of lack of subject matter jurisdiction, the counterclaims, and the jury demand.
The first affirmative defense despite language does not concern subject matter jurisdiction, but rather whether the required demand for rent has been made (RPAPL 711 [2]). The required demand may, of course, be made either by statutory three-day notice or otherwise. The required demand is really not even a matter of defense but rather, as one of the material elements of petitioner’s prima facie case, is subsumed in a general denial. Petitioner has now been warned, however, that such demand may be controverted.
The first counterclaim seeks substantial compensatory damages for alleged breaches of the covenant of quiet enjoyment and other covenants of the lease. The second counterclaim seeks punitive damages for the same wrongs. The third counterclaim seeks interest payable on the security deposit.
With respect to the third counterclaim, the simple answer is that patently it has no merit. Nothing in the lease (para 31) nor in the statute (General Obligations Law § 7-103) commands current payment of interest.
With respect to the second counterclaim, the simple answer is that a claim for punitive damages does not state a separate cause of action, and it rises or falls along with the claim for compensatory damages.
With respect to the first counterclaim it must be and is severed. Not only is there a lease waiver of the right to interpose counterclaims, but the nature of this one precludes a fair resolution within the framework of a summary proceeding. In severing I am not unaware that I am rendering the *832 counterclaim vulnerable to dismissal as beyond the limited monetary jurisdiction of this court.
In argument respondent concedes that its first counterclaim may be doomed by lease waiver to the extent affirmative relief is sought but asserts that it is entitled to maintain the claim as a setoff. It cites in support three cases in the Appellate Term for the 9th and 10th Judicial Districts in which tenants were allowed to replead their counterclaims as affirmative defenses in the nature of setoff (Prime Realty Holdings Co. v Federated Adj. Co., NYLJ, Feb. 1, 1980, at 13, col 4; Myrtle Leasing Corp. v Codato Corp., NYLJ, Apr. 27, 1979, at 14, col 4; Green v Taft, NYLJ, Oct. 2, 1978, at 13, col 6). Semantics! It mocks common sense to reject the counterclaim at the front door but to allow it to slip in the back door under a different guise. I am not bound by these cases and simply disagree with them.
"Setoff” was an equitable concept originating in the Chancellor’s Court. It was unknown to the King’s Court wherein obligations were deemed distinct and unextinguishable except by payment or other satisfaction. It crept into the common law via statute during the reign of George II and was generally adopted in the early law of the various United States. It is to be distinguished from the similarly equitable concept of "recoupment” which related to the same transaction on which plaintiff was suing whereas "setoff” related at least initially to a separate transaction. Both of these concepts have been replaced in modern codes by the counterclaim (see, Black’s Law Dictionary 1230 [5th edj).
The suggestion that a "setoff” may be converted into an affirmative defense likewise ignores old English jurisprudence. A "demurrer” was matter offered in bar of plaintiff’s complaint such as the Statute of Limitations — matter which, assuming arguendo the truth of plaintiff’s allegations, deprives them of legal consequence. In modern codes "demurrer” has been replaced by the affirmative defense. A setoff is simply not offered in bar — it is offered in reduction.
In short, although "setoff” is still common and understood in legal parlance, it does not constitute a form of pleading under the CPLR. It is merely another expression for a counterclaim which does not exceed in value the complaint (34 NY Jur, Landlord and Tenant, § 303).
The jury demand is stricken also pursuant to lease waiver. Respondent resists citing Real Property Law § 259-c *833 which renders such a waiver null and void with respect to personal injury and property damage claims. With the severance of the first counterclaim, however, there is no longer any property damage claim pending before this court.
The motion is granted.
Control date for trial: December 8, 1988.